WILLIAM H. ROWERDINK, Appellant, *v.* WILLIAM H. BITNER, Respondent.

*Municipal Court of Rochester — offer of judgment — appeal to the County Court, which denies under a mistake an application to open a default therein.*

Where a Municipal Court has made an error in allowing a plaintiff costs, after an offer of judgment had been made by the defendant, followed by a recovery not more favorable to the plaintiff than the offer, the County Court should not, upon appeal, reverse the judgment entirely.

It has power to correct the error by modifying the judgment so as to allow the defendant the costs accruing after the offer, which costs should be deducted from the judgment of the court below in favor of the plaintiff.

Where, however, an offer of judgment made is, in fact, not more favorable than the recovery of the plaintiff, and a motion made by the plaintiff to open a default in the County Court, upon an appeal by the defendant from such judgment, is denied by that court upon the assumption that the offer was more favorable than the recovery, the order, having been denied upon an untenable ground, should be reversed.

APPEAL by the plaintiff, William H. Rowerdink, from an order of the Monroe County Court, entered in the office of the clerk of the county of Monroe on the 22d day of May, 1895, denying the plaintiff's motion to vacate a judgment theretofore entered in the action.

*John B. Kiley,* for the appellant.

*Hiram R. Wood,* for the respondent.

LEWIS, J.:

This action was commenced in the Municipal Court of the city of Rochester. The complaint alleged that the defendant was indebted to the plaintiff on a promissory note dated January 5,

1893, for forty dollars and interest thereon from that date. Other causes of action were alleged in the complaint.

The answer admitted the making and delivery of the note and alleged certain counterclaims and partial payments. Upon the return of the summons in the Municipal Court, the defendant filed a written offer to allow judgment to be taken against him for the sum of thirty-nine dollars, with interest thereon from January 5, 1893, and costs.

The case was tried on the 16th day of January, 1895, and a judgment was rendered for the plaintiff for forty-four dollars and sixty-six cents damages, being the amount of the note mentioned, with interest from its date, and eleven dollars and sixty cents costs.

The defendant appealed to the County Court of Monroe county, where a judgment reversing the judgment of the Municipal Court was rendered by default, and the defendant recovered judgment against the plaintiff for fifty dollars and thirty-four cents costs of such appeal.

The plaintiff moved in the County Court upon affidavits of himself and his attorney to open such default. The facts stated in the moving papers tended very strongly to excuse plaintiff's default in not appearing in the County Court when the case was reached. The court did not consider the question of excuse, but denied the motion upon the ground, as stated in the order, that the defendant would, in any event, be entitled to a judgment of reversal.

It appears from the record presented to us that the offer of judgment in the Municipal Court was not considered by that court in rendering its judgment for the reason that the offer had been inadvertently removed from the files of the court, and the judge when rendering his judgment was not aware that the offer had been made, and, therefore, omitted to consider the question of the defendant's right to costs after the service of the offer. It is the contention of the respondent that the judgment in the Municipal Court was not more favorable to the plaintiff than the offer of the defendant, and that, therefore, the defendant was entitled to costs after the offer, and that for the error in not allowing him costs the judgment must necessarily be reversed on the merits, and that seems to have been the view taken by the County Court. No other reason for denying the motion appears in the papers.

A simple computation of interest upon the amount for which judgment was offered shows that the offer was less, by nearly one dollar, than the amount of plaintiff's recovery in the Municipal Court. The judgment in the Municipal Court seems to have been, in all respects, entirely correct.

If, however, there was error in the allowance of costs to the plaintiff in the Municipal Court after the service of the offer of judgment, the judgment should not have been entirely reversed for that reason, for the County Court had power to correct the error by so modifying the judgment as to allow the defendant costs after the offer of judgment was made, and deducting the amount from the judgment. (*Shaw* v. *Davis*, 55 Barb. 390, and cases cited.)

The motion having been denied upon a ground which had no real foundation, and no other error appearing to uphold the order appealed from, it should be reversed.

Having come to this conclusion, it is not necessary to consider the question as to whether the return not having been filed in the county clerk's office until the day appointed for the term of the County Court to begin, gave the County Court jurisdiction of the case to render a judgment by default.

The order appealed from should be reversed, with ten dollars costs and disbursements of the appeal.

BRADLEY and ADAMS, JJ., concurred; WARD, J., not sitting.

Order reversed, with ten dollars costs and disbursements.